UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LOPEZ-RODRIGUEZ,<br><br>         Petitioner,<br><br>     v.<br><br>MICHAEL L. BENOV,<br><br>         Respondent. | Case No.: 1:14-cv-01190-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT (Doc. 12)<br><br>ORDER TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>NO CERTIFICATE OF APPEALABILITY IS REQUIRED |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have filed their written consent to the jurisdiction of the U.S. Magistrate Judge for all purposes. (Docs. 4; 8).

**PROCEDURAL HISTORY**

The instant petition was filed on July 30, 2014. (Doc. 1). The petition challenges a disciplinary hearing conducted on May 13, 2013, after which Petitioner was found guilty of the offense of stealing and sanctioned with the loss of 27 days of good conduct time and a six-month loss of commissary privileges. The petition argues that the disciplinary hearing was unlawful because it was conducted by an employee of the private prison company that administers the facility at which Petitioner is presently confined, and not, as required by federal law, an employee of the Bureau of Prisons ("BOP").

1

On August 13, 2014, the Court ordered Respondent to file a response. (Doc. 5). On October 31, 2014, Respondent filed the instant motion to dismiss, contending that the petition was now moot because the disciplinary matter was reheard by an employee of the BOP as required by law, thus making the petition moot. (Doc. 12). Petitioner did not file an opposition to the motion to dismiss.

## DISCUSSION

A. <u>Procedural Grounds for Motion to Dismiss</u>

As mentioned, Respondent has filed a Motion to Dismiss the petition as being moot. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, e.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on his contention that the petition is now moot and thus the Court lacks jurisdiction to proceed. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. <u>Mootness</u>.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>N.A.A.C.P., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a

legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

Here, the instant petition argues that Petitioner is entitled to a disciplinary hearing conducted by an employee of the BOP, pursuant to federal regulations governing prison disciplinary hearings.  (Doc. 1, p. 7).  The documents provided by Respondent in the motion to dismiss establish that, on August 26, 2014, Randy J. McWilliams, a 24-year employee of the BOP and trained disciplinary hearing officer for the BOP, conducted a re-hearing of the disciplinary charges via telephone.  (Doc. 12, Ex. A, p. 2).  Following the re-hearing, McWilliams found that Petitioner had committed the prohibited act as charged and sanctioned him with the loss of 27 days of good time credits and six months' loss of commissary privileges.  (Id., p. 3).

The petition's sole claim was that Petitioner was entitled to a disciplinary hearing before an employee of the BOP.  This is precisely the relief provided by Respondent, as evidenced by the declaration of Mr. McWilliams and accompanying documentation.  Because there is no further relief that this Court can provide to Petitioner, no "case or controversy" exists and the petition is now moot.  Hence, Respondent's motion to dismiss will be granted and the petition will be dismissed.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Respondent's Motion to Dismiss (Doc. 12), is GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED as moot;

3. The Clerk of Court be DIRECTED to enter judgment and close the file.

4.  No certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **April 30, 2015**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28